IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY W. WELLS,<br><br>    Plaintiff,<br><br>v.<br><br>MISSION HILLS MORTGAGE<br>BANKERS, et al.,<br><br>    Defendants | CV F 99-6064 AWI DLB<br><br>MEMORANDUM OPINION<br>AND ORDER DENYING<br>PLAINTIFF'S MOTION TO<br>STRIKE ANSWER OF<br>DEFENDANT MISSION HILLS<br>MORTGAGE BANKERS OR<br>FOR RULE 11 SANCTIONS<br><br>[Docs. 17, 18] |

    In this action, plaintiff Danny W. Wells contends in relevant part that Mission Hills Mortgage Bankers violated the federal Fair Credit Reporting Act and state law with regard to the denial of his loan application for a veteran's home loan. Pending before the court is Well's motion to strike the answer filed by Mission Hills or for sanctions pursuant to Fed. R. Civ. P. 11.

**LEGAL STANDARDS**

    A party may move to strike from a pleading "redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F. 2d 880, 885 (9th Cir. 1983). Immaterial matter has no essential or important relationship to the claim for relief pleaded, while impertinent matter does not pertain, and is not necessary, to the issues in question.

Fantasy, Inc. v. Fogerty, 984 F. 2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

Rule 11 requires that every pleading filed with the court must be well grounded in fact, and either warranted by existing law or a good faith argument for the extension of existing law, and not be filed for an improper purpose.

## DISCUSSION

### I. The Motion To Strike The Answer Is Denied

Wells maintains that the answer to the complaint filed by Mission Hills is a sham and should be stricken. Wells, however, does not point to any portion of the answer that is allegedly "redundant, immaterial, impertinent, or scandalous." Rule 12(f). Instead, the motion attacks the factual adequacies or credibility of certain portions of answers. For instance, Wells points to Mission Hills' contention that it lacks sufficient information, and accordingly denies, Wells' allegation that Mission Hills is a "direct lender." One purpose of an answer is to frame what issues are in dispute so that those disputed issues of fact can be addressed in discovery. To take the example given above, Mission Hills maintains that it is unable to determine whether it is a "direct lender," which it further explains in its opposition to the motion to strike is because it is unsure of what particular meaning Wells attributes to that phrase. Should Wells believe that he must establish that Mission Hills is a direct lender for the purposes of one or more of his claims for relief, he must pursue the matter during discovery, or in some manner. The fact that a defending party is unwilling to admit the truth of an allegation in the complaint is not a reason to strike its answer.

Because Wells does not point to any particular portion of the answer that allegedly contains redundant, impertinent, immaterial or scandalous information, the motion to strike the answer is denied.[1]

---

[1] To the extent that Wells asserts that the answer must be verified and stricken because it is not, no Federal Rule of Civil Procedure requires that answers be verified.

2

## II. Rule 11 Sanctions Motion Is Denied

Wells maintains that some statements in the answer are not made in good faith because of an alleged lack of investigation on the part of signer of the answer for Mission Hills.

The court denies the motion for Rule 11 sanctions because Wells did not comply with the timing requirements of Rule 11(c)(1)(A) (moving party must serve motion upon opposing party, wait twenty-one days, and then file motion with Clerk of the Court if the pleading in question was not withdrawn or corrected within the twenty-one day period). <u>Barber v. Miller</u>, 146 F. 3d 707, 710 (9th Cir. 1998).

Even if Wells had provided Mission Hills with the appropriate amount of time to respond to his Rule 11 motion, the motion would also be denied. While Wells points to portions of the answer that contradict his complaint, this merely establishes that the parties have divergent views of the facts. Nothing is presented to the court that would enable it to find that any portion of Mission Hills' answer was filed for an improper purpose or without a good faith basis. Also, the fact that the complaint is verified does not, by itself, require an answering defendant to verify its answer, or heighten the answering party's Rule 11 duty when responding to such a complaint.

## ORDER

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that Wells' motion to strike the answer filed by Mission Hills or for Rule 11 sanctions is DENIED.

DATED: November _/_, 1999

ANTHONY W. ISHII
UNITED STATES DISTRICT JUDGE

3

United States District Court
for the
Eastern District of California
November 3, 1999

* * CERTIFICATE OF SERVICE * *

1:99-cv-06064

Wells

   v.

Mission Hills

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on November 3, 1999, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
Danny M Wells              AWI DLB
1700 Dairy Ave
#16
Corcoran, CA   93212

Lawrence J Dreyfuss
Cameron and Dreyfuss
1750 East Fourth Street
Suite 500
Santa Ana, CA   92705-3923

Donald Henry Hazel
Law Offices of Donald H Hazel
1700 Jensen Avenue
Sanger, CA   93657

Cory E Thomas
4462 Gibralter
Fremont, CA   94536
```

*J. Staryyk*